|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, and THE PEOPLE OF THE VIRGIN ISLANDS, | ) ) ) ) | |
| Plaintiff, | ) ) | Criminal No. 2009-20 |
| v. | ) ) | |
| GELEAN MARK, a/k/a "KERWIN", and JEROME BLYDEN, | ) ) ) | |
| Defendant**S**. | ) ) ) | |
| _____ | ) | |

ATTORNEYS:

**Kim R. Lindquist, AUSA**
**Nolan D. Paige, AUSA**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Pamela L. Colon, Esq.**
St. Croix, U.S.V.I.
    *For the defendant Gelean Mark.*

**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant Jerome Blyden.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of defendant Gelean Mark ("Mark") to dismiss the superseding indictment in this matter on grounds that his prosecution would violate the Double Jeopardy clause of the Fifth Amendment of the United States Constitution

("Double Jeopardy").  Mark moves, in the alternative, to have

Racketeering Acts One and Two stricken from the superseding

indictment.  For the reasons stated herein, the Court will deny

the motion.

## I. <u>FACTS</u>

On October 6, 2005, the grand jury returned the original

indictment in a criminal matter (hereinafter referred to as,

"Redball One") brought against Mark and several others.

Thereafter, the grand jury returned a superseding indictment (the

"Redball One Indictment").

Count One of the Redball One Indictment alleges that Mark

and others conspired to possess with intent to distribute

controlled substances.  In pertinent part, it states:

> Beginning from a time unknown, but no later than November
> 2004, and continuing until November 2005, at St. Thomas in
> the District of the Virgin Islands and elsewhere, defendants
> Gelean Mark [and others] . . . did knowingly and
> intentionally, combine, conspire, confederate, and agree
> together with each other and with diverse other persons to
> the grand jury known and unknown, . . . to knowingly and
> intentionally possess with intent to distribute controlled
> substances . . . .

(Second Superseding Indictment 1-2, Crim. No. 2005-76, Dec. 19,

2006.).  The controlled substances underlying the conspiracy in

Count One included cocaine, cocaine base ("crack"), and

marijuana.

On December 19, 2006, the government filed a separate

indictment in this Court against Mark and several others, in a
matter given Criminal No. 2006-80 (hereinafter, "Redball Two").
Count One of the Redball Two indictment alleges that Mark and
others conspired to possess with intent to distribute a
controlled substance. In pertinent part, it states:

> Beginning from a time unknown, but no later than 1999, and
> continuing until October, 2005, at St. Thomas in the
> District of the Virgin Islands and elsewhere, defendants
> Gelean Mark [and others] . . . did knowingly and
> intentionally, combine, conspire, confederate, and agree
> together with each other and with diverse other persons to
> the grand jury known and unknown, . . . to knowingly and
> intentionally possess with intent to distribute a controlled
> substance . . . .

(Indictment 1-2, Crim. No. 2006-80, Dec. 19, 2006.)
The only controlled substance allegedly involved in Redball Two
was cocaine.

The trial in Redball One was conducted from March 5, 2007,
through March 27, 2007. The parties rested and the matter went
to the jury after approximately three weeks of trial. On March
27, 2007, the Court declared a mistrial in Redball One.

The trial in Redball Two took place between September 5,
2007, and October, 3 2007. The parties rested and the matter
went to the jury during the fourth week of trial. On October 1,
2007, the jury returned a partial verdict of guilty with respect
to Mark on Count One.

The second trial of Redball One commenced on February 2,

2009.  On February 10, 2009, the jury found Mark guilty of Count

One.  The second trial of Redball Two is scheduled to begin on

February 1, 2010.

On May 19, 2009, a grand jury handed down the indictment in

the instant case against Mark and co-defendant Jerome Blyden

("Blyden").  On October 1, 2009, a grand jury handed down a

superseding indictment, which charges Mark and Blyden with

generally, operating a racketeering enterprise involving narcotic

sales, illegal gambling involving dog fighting, and violent acts

including attempted murder.  Count One of the superseding

indictment charges that "Racketeering Act One" included

"Conspiracies to Import and Distribute Cocaine,"  and further

charges:

> GELEAN MARK, the defendant, committed the following
> acts of racketeering, either of which constitutes the
> commission of Racketeering Act One:
>
> a. Beginning from a time unknown, but no later
> than 1999, and continuing until October 2005, in the
> District of the Virgin Islands and elsewhere, GELEAN
> MARK did knowingly and intentionally, combine,
> conspire, confederate, and agree together with others
> known and unknown to the grand jury, to violate Title
> 21, United States Code, Sections 952(a) and
> 960(b)(1)(B)(ii), that is, to import narcotics into the
> United States from a place outside thereof, namely,
> five (5) kilograms or more of a mixture or substance
> containing detectable amounts of cocaine . . . .
> b. Beginning from a time unknown, but no later
> than 1999, and continuing until October 2005, in the
> District of the Virgin Islands and elsewhere, GELEAN
> MARK did knowingly and intentionally, combine,

conspire, confederate, and agree together with others
known and unknown to the grand jury . . . to knowingly
and intentionally possess with intent to distribute
narcotics, namely five (5) kilograms or more of a
mixture or substance containing detectable amounts of
cocaine . . . .

(Superseding Indictment ¶ 8, Crim. No. 2009-20, Oct. 1, 2009.)

The superseding indictment further charges "Racketeering Act Two"

which includes "Conspiracies to Import and Distribute Cocaine,"

and further charges:

GELEAN MARK, the defendant, committed the following
acts of racketeering, either of which constitutes the
commission of Racketeering Act Two:
     a. Beginning from a time unknown, but no later
than November 2004, and continuing until October 2005,
in the District of the Virgin Islands and elsewhere,
GELEAN Mark did knowingly and intentionally, combine,
conspire, confederate, and agree together with others
known and unknown to the grand jury . . . to import
narcotics into the United States from a place outside
thereof, namely, five (5) kilograms or more of a
mixture or substance containing detectable amounts of
cocaine . . . .
     b. Beginning from a time uknown, but no later than
November 2004, and continuing until November 2005, in
the District of the Virgin Islands and elsewhere,
GELEAN MARK did knowingly and intentionally, combine,
conspire, confederate, and agree together with others
known and unknown to the grand jury . . . to knowingly
and intentionally possess with intent to distribute
narcotics, namely, five (5) kilograms or more of a
mixture or substance containing detectable amounts of
cocaine, and fifty (50) grams or more of a mixture or
substance containing a detectable amount of cocaine
base . . . .

(*Id.* at ¶ 9.)

## II. <u>DISCUSSION</u>

The Double Jeopardy Clause protects criminal defendants from later prosecutions for the same offense. *See* U.S. CONST. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."). In a jury trial, Double Jeopardy rights attach when the jury is empaneled and sworn. *Gómez v. United States,* 490 U.S. 858 (1989). Faced with a double jeopardy challenge, the Supreme Court has said that "the test of identity of offenses is whether the same evidence is required to sustain [both counts]; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." *Morgan v. Devine*, 237 U.S. 632, 641 (1915). The same evidence test is applied to the statutory elements of the offense charged. There is no double jeopardy bar where "each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).[1]

Further,

It is settled law in this circuit that a defendant moving to dismiss an indictment on double jeopardy grounds has the burden of going forward with the

_____

[1] Mark cites *Grady v. Corbin*, for the proposition that following the traditional *Blockburger* analysis, this Court must consider whether the government will prove conduct that constitutes an offense for which Mark has already been prosecuted. *See* 495 U.S. 508, 510 (1990). However, *Grady* was explicitly overruled in *United States v. Dixon*, 509 U.S. 688 (1993).

> evidence by putting his double jeopardy claim in
> issue. *See United States v. Felton,* 753 F.2d 276,
> 278 (3d Cir. 1985). If the defendant makes a
> non-frivolous showing of double jeopardy, he is
> entitled to a pre-trial evidentiary hearing to
> determine the merits of his claim. *See United
> States v. Inmon*, 594 F.2d 352, 353 (3d Cir.),
> cert. denied, 444 U.S. 859, 100 S. Ct. 121, 62 L.
> Ed. 2d 79 (1979). Once the defendant has made out
> his prima facie case, the burden of persuasion
> shifts to the government to prove by a
> preponderance of the evidence that the two
> indictments charge the defendant with legally
> separate crimes. *Felton*, 753 F.2d at 278.

*United States v. Liotard*, 817 F.2d 1074, 1077 (3d Cir.

1987).

### III. <u>ANALYSIS</u>

**A. The Substantive Offenses in Redball One and Two Compared to
the Instant RICO Indictment**

In assessing whether the Double Jeopardy prohibition applies

to the charges Mark is currently facing, the Court must compare

the statutes under which Mark was previously charged with the

statutes in the current indictment and determine whether each

requires "proof of a fact which the other does not," such that

Mark can be prosecuted under both. *See Blockburger*, 284 U.S. at

304. "The elements of the offense are compared in the abstract,

without looking to the facts of the particular case." *Gov't of

the Virgin Islands v. Bedford*, 671 F.2d 758, 765 (3d Cir. 1982)

(citations omitted).

The instant indictment charges Mark with a Racketeer
Influenced and Corrupt Organizations ("RICO") violation, under 18
U.S.C. § 1962(c).[2]  To establish such a RICO violation, the
government must prove the following four elements: "'(1) the
existence of an enterprise affecting interstate commerce; (2)
that the defendant was employed by or associated with the
enterprise; (3) that the defendant participated, either directly
or indirectly, in the conduct or the affairs of the enterprise;
and (4) that he or she participated through a pattern of
racketeering activity.'" *United States v. Urban*, 404 F.3d 754,
769 (3d Cir. 2005) (quoting *United States v. Irizarry*, 341 F.3d
273, 285 (3d Cir. 2003)); *see also United States v. Console*, 13
F.3d 641, 653 (3d Cir. 1993) (same).

Count one of Redball One charged Mark with conspiring to
possess with intent to distribute cocaine, crack, and marijuana,
in violation of 21 U.S.C. §§ 846, and 841(a)(1), among other
provisions.  In order to prove the conspiracy to possess with
intent to distribute, the government would have to show (1) that

---

[2] Mark is also charged with attempted murder of Trevor Nicholas Friday,
Jr. ("Friday"), in violation of V.I. Code Ann. tit. 14, §§ 921, 922(a)(1),
331(1), and 11(a); assaulting Friday and Damien Daniel with a deadly weapon,
in violation of V.I. Code Ann. tit. 14 §§ 297(2) and 11(a); and possessing a
firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §
924(c)(1)(A)(I), among other provisions.  Mark does not argue, nor could he,
that any of these charges violate the Double Jeopardy clause.

a conspiracy to possess with intent to distribute controlled

substances was entered into by two or more persons, and (2) that

at some time during the existence or life of the conspiracy, the

defendant knew the purpose of the conspiracy, and, with that

knowledge, deliberately joined the conspiracy.[3]

In Redball Two, Mark was similarly charged with conspiring

to possess with intent to distribute cocaine, in violation of 21

U.S.C. §§ 846 and 841(a)(1), among other provisions.[4]

A conviction for conspiracy to possess with intent to

distribute, as charged in Redball One and Two, requires proof of

facts that the present RICO charge does not. A conspiracy

conviction requires proof of an agreement to distribute a

controlled substance, as well as proof that the defendant joined

---

[3] In Redball One, Mark was also charged with conspiring to import
cocaine in violation of 21 U.S.C. §§ 952(a) and 963, among other provisions.
In order to convict Mark on this count, the government had to prove he (1)
knowingly or intentionally (2) imported (3) cocaine. *See United States v.
Mayes*, 524 F.2d 803, 807 (9th Cir. 1975) ("There are three elements of the
offense for which Mayes was convicted: (1) knowing or intentional (2)
importation (3) of marijuana. 21 U.S.C. §§ 960(a)(1), 952(a)"); *see also
United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002) ("The elements of
the crime of importation under § 952(a) are only that the defendant 'played a
role in bringing the [controlled substance] into the United States from a
foreign country.'") (citation omitted). Mark does not argue that his
prosecution in the instant matter constitutes a Double Jeopardy violation
based on any of these counts.

[4] In Redball Two, Mark was also charged with conspiracy to import
cocaine, in violation of 21 U.S.C. § 952(a), possession of cocaine on board an
aircraft, in violation of 21 U.S.C. § 955, and possession of cocaine with
intent to distribute, in violation of 21 U.S.C. § 841. Mark does not argue
that his prosecution in the instant matter constitutes a Double Jeopardy
violation based on any of these counts.

the agreement.  No such proof is required for a RICO conviction.

Moreover, a RICO conviction requires proof of the existence of an

enterprise affecting interstate commerce.  No such proof is

required for a drug conspiracy conviction.

Notwithstanding the unique elements required to prove RICO

and drug conspiracy violations, Mark argues that a Double

Jeopardy violation exists.  Mark's argument proceeds on the

assumption that the predicate acts that he is alleged to have

committed in the RICO indictment not only replicate distinct

substantive offenses with which he was charged in the Redball

indictments, but also constitute renewal, or double prosecution,

of those substantive charges in the RICO indictment.  That

assumption is erroneous and devoid of any legal significance for

Double Jeopardy purposes.

The United States Court of Appeals for the Second Circuit

has addressed a similar issue in *United States v. Polanco*, 145

F.3d 536 (2d Cir. 1998).  In that case, the defendant Polanco was

convicted for violating the RICO statute as well as for

committing murder and attempted murder.  The murder and attempted

murder charges were substantive offenses as well as predicate

acts for the RICO charge.  Upon his conviction, Polanco was

sentenced to consecutive sentences for the RICO, murder, and

attempted murder convictions.  Polanco challenged his consecutive

sentences as violating the Double Jeopardy clause.  In rejecting
his claim, the Second Circuit noted, "'it is well settled that
Congress sought to permit cumulative sentences for a RICO
conviction and the predicate offenses upon which the RICO
violation is premised.'" *Id*. at 542 (quoting *United States v.
Walsh*, 700 F.2d 846, 856 (2d Cir. 1983).  The court held that
there was no error in imposing consecutive sentences for both
Polanco's RICO conviction and his substantive convictions. *Id*.;
*see also United States v. Bellomo*, 954 F. Supp 630, 646 (S.D.N.Y.
1997) ("As a RICO violation is an offense separate and apart from
the predicate acts, it cannot be said that prosecution on RICO
charges based on a predicate act which resulted in a prior
substantive conviction is a second prosecution, or that a RICO
conviction results in multiple punishment, 'for the same offense'
as the predicate act. . . . Any different view would be
inconsistent with the premise that the RICO offense is an offense
distinct from the underlying predicate acts.").

Here, as in *Polanco*, there is no Double Jeopardy violation.

## C. Res Judicata and Collateral Estoppel

Mark also argues that his prosecution in this matter
violates the res judicata and collateral estoppel doctrines

embedded in the Double Jeopardy clause.[5]  The government counters

that the Double Jeopardy clause prohibits re-litigation of an

issue only where a jury has decided the issue in the defendant's

favor by a valid, final judgment.  As such, the government

argues, collateral estoppel only applies where the defendant has

been acquitted.

The government is correct that Mark would need to show that

he has been acquitted in order to rely on collateral estoppel to

bar his prosecution in this matter. *See Ashe v. Swenson*, 397 U.S.

436, 445 (1970) (collateral estoppel rule is embodied in the

guarantee against double jeopardy. "For whatever else that

constitutional guarantee may embrace . . . it surely protects a

man who has been acquitted from having to 'run the gantlet' [sic]

a second time.") (citations omitted).  In Mark's case, he was

convicted in Redball One, and the Redball Two re-trial has yet to

take place.  As such, Mark cannot show he has been acquitted.

Accordingly, collateral estoppel does not apply to bar his

prosecution in this matter.

---

[5] Mark relies on a case, *Petite v. United States*, in which the Supreme
Court expressly declined to address the appellant's double jeopardy arguments.
361 U.S. 529, 531 (1960) ("By thus disposing of the matter, we are of course
not to be understood as remotely intimating in any degree an opinion on the
question of double jeopardy sought to be presented by the petition for
certiorari.")

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny Mark's motion to dismiss the indictment. The Court will also deny Mark's motion to strike Racketeering Acts One and Two. An appropriate order accompanies this opinion.

S\_____
        **CURTIS V. GÓMEZ**
          **Chief Judge**