```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN

                              ---

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )
vs.                                )   CRIM. NO. 2009-20
                                   )
GELEAN MARK, JEROME BLYDEN,        )
                                   )
              Defendants.          )
                                   )


              CROSS EXAMINATION OF DAMIAN DANIEL


                        MAY 6, 2010


                              ---


BEFORE:       THE HONORABLE CURTIS V. GOMEZ
              Chief Judge


APPEARANCES:  OFFICE OF THE UNITED STATES ATTORNEY
              BY:  KIM LINDQUIST, AUSA
                   NOLAN PAIGE, AUSA
                 For the Government

              MOORE DODSON RUSSELL
              BY:  TRESTON MOORE, ESQ.
                 For Defendant Blyden

              HODGE & FRANCOIS
              BY:  MARK HODGE, ESQ.

                 For Defendant Mark

                              ---

COURT REPORTER:     CHANDRA R. KEAN, RMR
                    Official Court Reporter
                    Virgin Islands District Court
                    St. Thomas, Virgin Islands
```

```
 1                              INDEX

 2
         WITNESS (Government)    CROSS      REDIRECT
 3
         Damian Daniel             3          14
 4

 5            (End of requested excerpt)

 6
                                 ---
 7
```

```
 1                          PROCEEDINGS
 2                              ***
 3           (THEREUPON, DAMIAN DANIEL, previously duly sworn,
 4      was examined and testified further as follows:)
 5                        CROSS-EXAMINATION
 6      BY MR. MOORE:
 7      Q.   Mr. Daniel, do you recall when we were together
 8      yesterday, or a couple days ago, and I was asking you
 9      the questions -- I asked you a question:  Have you ever
10      worked for the -- excuse me -- have you ever been paid
11      as a source of information?
12           Do you remember that question?
13      A.   Yes.
14      Q.   Do you remember answering, "No"?
15      A.   Yes.
16      Q.   Isn't it true, Mr. Daniel, that you worked for many
17      years for the Drug Enforcement Administration providing
18      them with information, and that you were paid for that
19      information?
20      A.   Yes.
21      Q.   In fact, can I show you what's been marked as
22      Defendant's Exhibit DD.
23           (Defendant's Exhibit DD marked for identification.)
24              MR. MOORE:  Court's indulgence, please.
25              THE COURT:  Attorney Lindquist, can you assist
```

```
 1    if you --
 2         MR. MOORE:  There it is.
 3    BY MR. MOORE:
 4    Q.   Can you see that there in front of you?
 5    A.   Yes.
 6    Q.   I'm going to direct your attention to the last page
 7    of that document.  Do you see any signatures there you
 8    recognize?
 9    A.   Yes, mine.
10         MR. MOORE:  Your Honor, I'd like to move
11    Exhibit DD into evidence, please.
12         THE COURT:  Attorney Hodge?
13         MR. HODGE:  No objection, Your Honor.
14         THE COURT:  Attorney Lindquist?  Or Attorney
15    Paige?
16         MR. PAIGE:  We would object, for this
17    testimony.
18         THE COURT:  All right.  I'll take it under
19    advisement.
20         MR. MOORE:  Okay.
21    BY MR. MOORE:
22    Q.   Do you recognize paragraph 9 of this document?
23    Paragraph 9, it says that you -- I can't read it but
24    under paragraph 9, do you -- is it your understanding
25    that you would receive or you're eligible to receive
```

1     compensation?
2          MR. PAIGE:  Objection, Your Honor.  He's
3     referring to a document that's not in evidence.
4          THE COURT:  Well, he's impeaching.  It's
5     cross-examination.  Overruled.
6     BY MR. MOORE:
7     Q.   Is it your understanding that you're eligible to
8     receive compensation under this document for providing
9     information?
10    A.   Yes.
11         MR. MOORE:  I show you what's been marked as
12    Defendant's Exhibit EE.
13         (Defendant's Exhibit EE marked for identification.)
14    BY MR. MOORE:
15    Q.   And ask if you recognize the signature on that
16    document?
17    A.   Yes.
18    Q.   Do you recognize whether or not on or about
19    October 2003 you received compensation for providing
20    information to the government, DEA?
21    A.   I don't remember what -- why I received this
22    payment but that is my signature.
23    Q.   That is not your signature?
24    A.   It is my signature.
25    Q.   Directing your attention to paragraph 17, the

1    "Remarks" section.
2    A.   I can't read that.
3    Q.   Can you see right where it says the name of some
4    gentleman -- I won't repeat it -- not involved in this,
5    in this matter?
6    A.   The writing is really small.  I can't read it.
7    Q.   All right.  But it is your signature and you agreed
8    to receive compensation on or about October of 2003 for
9    assistance?
10   A.   Yes.
11           MR. HODGE:  Your Honor, may I assist counsel?
12           MR. MOORE:  Oh, for the zoom?
13           MR. HODGE:  Yes.
14           MR. MOORE:  I think I can do the zoom.  I'm not
15   sure, Your Honor.
16   BY MR. MOORE:
17   Q.   Can you see now why you received compensation?
18           MR. LINDQUIST:  Your Honor, I'd like to renew
19   the objection.  This document --
20           THE COURT:  Sustained.
21   BY MR. MOORE:
22   Q.   What's important is you agree that you received
23   compensation, correct?
24   A.   Yes.
25           MR. MOORE:  I show you what's been marked as

```
 1      Defendant's Exhibit FF.
 2           (Defendant's Exhibit FF marked for identification.)
 3      BY MR. MOORE:
 4      Q.   Do you recognize the signature on that document?
 5      A.   Yes.
 6      Q.   And is that indeed your signature?
 7      A.   Yes.
 8      Q.   And does that show that on or about May 3rd of 2004
 9      you received compensation?
10              MR. LINDQUIST:  Once again, I object to the
11      form of the impeachment.
12              THE COURT:  Sustained.
13      BY MR. MOORE:
14      Q.   Do you recall whether you received compensation on
15      or about May 3rd of 2004?
16      A.   I don't remember.
17      Q.   That is your signature on the document?
18      A.   Yes, it is.
19              MR. LINDQUIST:  Objection to the form of
20      impeachment.
21              THE COURT:  Come to sidebar.
22           (Sidebar discussion held as follows:)
23              THE COURT:  Attorney Moore, you're asking the
24      witness if he remembers and he says quite directly, he
25      didn't -- he doesn't remember.  So if -- I don't know if
```

```
 1      Defendant's Exhibit FF.
 2           (Defendant's Exhibit FF marked for identification.)
 3      BY MR. MOORE:
 4      Q.   Do you recognize the signature on that document?
 5      A.   Yes.
 6      Q.   And is that indeed your signature?
 7      A.   Yes.
 8      Q.   And does that show that on or about May 3rd of 2004
 9      you received compensation?
10              MR. LINDQUIST:  Once again, I object to the
11      form of the impeachment.
12              THE COURT:  Sustained.
13      BY MR. MOORE:
14      Q.   Do you recall whether you received compensation on
15      or about May 3rd of 2004?
16      A.   I don't remember.
17      Q.   That is your signature on the document?
18      A.   Yes, it is.
19              MR. LINDQUIST:  Objection to the form of
20      impeachment.
21              THE COURT:  Come to sidebar.
22           (Sidebar discussion held as follows:)
23              THE COURT:  Attorney Moore, you're asking the
24      witness if he remembers and he says quite directly, he
25      didn't -- he doesn't remember.  So if -- I don't know if
```

1   you're trying to refresh his recollection or if you're
2   trying to impeach him.
3         If you're trying to impeach him, normally you lay
4   out -- there's some answer that he gives that's
5   inconsistent with something else that's outside of the
6   record, and you use that other thing to show, well,
7   isn't it a fact that on blah blah blah you did something
8   contrary to what you said.  And you go about the
9   impeaching.
10        But you're asking him if he remembers, then you're
11  asking him to -- I think this is why the government is
12  objecting -- just read wholesale, right out what's in
13  that, which is something that's not in evidence.
14        You can impeach with anything, a piece of toilet
15  paper, if you want to.  What you can't have someone do
16  is read something that is essentially hearsay into the
17  record when the predicate answer was to a question that
18  asked, "do you remember."  And then you're just putting
19  it in here, what does it say.  He is just going to read
20  it.
21        MR. MOORE:  Very well, Your Honor.  What I'll
22  do is ask, I'll do the refresh recollection portion of
23  that.
24        THE COURT:  Well, I'm not -- I'm just saying
25  that I think that's why you're getting the objection.

```
 1      So if you want to impeach, there's a way to go about it.
 2      If you're refreshing recollection, there's another way
 3      to go about it.
 4              MR. MOORE:  Thank you, Your Honor.
 5         (End sidebar discussion, open court as follows:)
 6      BY MR. MOORE:
 7      Q.   Mr. Daniel?
 8      A.   Yes.
 9      Q.   Directing your -- excuse me, do you have a
10      recollection of receiving a payment on or about May 3rd,
11      2004, from the DEA?
12      A.   No, I don't remember.
13      Q.   Is there anything that I could show you that would
14      refresh your recollection?
15      A.   I mean, I see my signature.  I had a lot going on--
16              THE COURT:  Wait.  Stop.
17          That's not the question.
18          Go ahead.  Ask the question.
19      BY MR. MOORE:
20      Q.   Is, is -- excuse me.  When you signed -- have you
21      signed for documents or payments from the DEA?
22      A.   Yes.
23      Q.   And when you go to the DEA to get paid, do you have
24      any form that you fill out?
25      A.   Yes.
```

1   Q.   And do you have to sign that form?
2   A.   Yes.
3   Q.   And is that form dated and with a description of
4   why you're getting paid?
5   A.   I just signed it.
6   Q.   And on the date you go in you state what you're
7   being paid for?
8   A.   Yes.
9   Q.   Okay.  I show you what has been marked as Defense
10  Exhibit FF and ask you to look at that document.
11       Do you see the date -- excuse me.  Can you look at
12  that document?
13  A.   Yes.
14  Q.   Now.  Let me ask you some questions without it.
15       On May 3rd, 2004, do you recall going to the DEA
16  and getting paid?
17  A.   I don't remember.
18  Q.   All right.  At or about the time that you go to the
19  DEA to get paid, do you sign that document at the same
20  time that you receive your check?
21  A.   That was a while ago.  I don't remember the
22  procedures that we took.
23  Q.   Well, when you go there for that purpose, is your
24  signature at the same time in time that you put in the
25  voucher, voucher and get paid?

Case: 3:09-cr-00020-CVG -RM   Document #: 393   Filed: 05/07/10   Page 11 of 15

11

1    A.    I don't remember.
2    Q.    Okay.
3          MR. MOORE:  Your Honor, I move for the
4    admission of FF as well.
5          THE COURT:  Attorney Hodge?
6          MR. HODGE:  No objection, Your Honor.
7          THE COURT:  Attorney Lindquist?
8          MR. LINDQUIST:  Yes, I object.
9          THE COURT:  All right.  I'll take it under
10   advisement.
11   BY MR. MOORE:
12   Q.    Mr. Daniel, do you recall going to the DEA office
13   or to DEA Agent Blake on or about September 30, 2004,
14   for purposes of receiving a payment?
15   A.    You give me these dates.  I really don't remember.
16   Q.    Well, is that at a point in time when you were
17   performing services for the DEA and receiving payments
18   from them?
19   A.    In 2004, yes, I was.  I was checking in with the
20   DEA in -- that time but --
21   Q.    And as you were checking in at that time, was some
22   of the reasons you were checking in is to provide
23   information about a variety of cases?
24   A.    Nope.  I was checking in because I was involved in
25   a case.

```
 1    Q.   And was there also a time that you received a
 2    payment of $1,636.90 on or about September 30th, 2004?
 3    A.   You keep telling me the dates but I don't remember
 4    those dates.  That's all I'm trying to tell you.
 5    Q.   Is there a -- is there a possibility I could show
 6    you something that might refresh your recollection?
 7    A.   Maybe.
 8         MR. MOORE:  I show you what's been marked as
 9    Defendant's Exhibit GG.
10         (Defendant's Exhibit GG marked for identification.)
11    BY MR. MOORE:
12    Q.   I ask that you look at that.
13         Let me know when you're through.
14    A.   I've seen the form before.
15    Q.   All right.  Does that help you recall whether or
16    not on September 30th, 2004, you received a payment of
17    $1,636.90 approved by Mr. Blake?
18    A.   Ask that one more time.  I didn't understand that.
19    Q.   Does that refresh your recollection as to whether
20    or not you --
21    A.   I'm not saying I never received the payment.  I'm
22    just telling you I don't remember the dates.  I know
23    that's my signature.  I know that I received the
24    payment.  I just don't remember when it was.
25    Q.   Right.  Do you have any reason to believe that the
```

```
 1      date on the documents that you signed would be incorrect
 2      with respect to the dates that you signed it?
 3      A.   I can't remember what the dates were.
 4             MR. MOORE:  Your Honor, I move the admission of
 5      Exhibit GG.
 6             THE COURT:  Attorney Hodge?
 7          Attorney Hodge?
 8             MR. HODGE:  No objection, Your Honor.
 9             THE COURT:  Attorney Lindquist?
10             MR. LINDQUIST:  Yes, I do object.
11             THE COURT:  Okay.  It's under advisement.
12      BY MR. MOORE:
13      Q.   Mr. -- Mr. Daniel, do you agree that these payments
14      were received for services rendered in a variety of
15      cases?
16      A.   No, I don't agree with that.  Payments had nothing
17      to do with any cases at all.
18      Q.   Sir, do you know an individual by the name of Jose
19      Manuel Rivera?
20      A.   No.
21      Q.   Do you know an individual by the name of Joel
22      Benjamin?
23      A.   Maybe if I see his face.
24      Q.   Very well.
25             MR. MOORE:  Your Honor, I have no further
```

```
 1    questions of the witness.
 2              THE COURT:  Attorney Hodge?
 3              MR. HODGE:  No questions, Your Honor.
 4              THE COURT:  Attorney Lindquist?
 5              MR. LINDQUIST:  Just briefly.
 6                    REDIRECT EXAMINATION
 7    BY MR. LINDQUIST:
 8    Q.   Mr. Daniel, what's your understanding of what those
 9    payments were for that you got from DEA?
10              MR. MOORE:  I'm sorry --
11              THE COURT:  Pull the microphone towards you.
12              MR. LINDQUIST:  Sorry.
13              THE WITNESS:  I didn't hear that.
14    BY MR. LINDQUIST:
15    Q.   What is your understanding of what those payments
16    were for that you got from DEA?
17    A.   For any information that I saw, like any illegal
18    activities going on on the streets while I was out on
19    the street in St. Thomas.
20    Q.   All right.
21              MR. LINDQUIST:  No further questions.
22              THE COURT:  Mr. Daniel, thank you for your
23    testimony.
24         You may step down.
25         Any further need for Mr. Daniel?
```

```
 1          Attorney, any further need for Mr. Daniel?
 2              MR. HODGE:  No, Your Honor.
 3              THE COURT:  Attorney Moore?
 4              MR. MOORE:  No further questions, Your Honor.
 5              THE COURT:  All right.
 6              MR. LINDQUIST:  No, thank you.
 7              THE COURT:  All right.  Mr. Daniel is
 8      excused...
 9           (End of excerpt)
10                               ---
11
12                           CERTIFICATE
13
14           This document is hereby certified
15         to be a true and accurate transcript
16              of the foregoing proceedings.
17
18
19       /s_____       May 6, 2010
                Chandra Kean, RMR                 DATE
20            Official Court Reporter
21
22
23
24
25
```