DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE PEOPLE OF THE VIRGIN ISLANDS, | ) ) ) ) |
| Plaintiffs, | ) Criminal No. 2009-20 ) |
| v. | ) ) |
| JEROME BLYDEN, | ) ) |
| Defendant. | ) ) |

**ATTORNEYS:**

**Ronald Sharpe**, USA
**Kim L. Chisholm**, AUSA
United States Attorney's Office
St. Thomas, VI
    *For the United States of America and the People of the Virgin Islands*,

**Jerome Blyden**
St. Thomas, VI
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is Jerome Blyden's motion to disqualify the undersigned.

Jerome Blyden ("Blyden") argues that the undersigned must be removed from this case because the undersigned has exceeded ten years as a judge on the District Court of the Virgin Islands. Blyden also argues that certain orders issued by the

*United States v. Blyden*
Criminal No. 2009-20
Order
Page 2

undersigned more than ten years after the undersigned's appointment should be vacated.

The Revised Organic Act, in pertinent part, provides that the term of appointment for a judge of the District Court of the Virgin Islands is "ten years *and until their successors are chosen and qualified*, unless sooner removed by the President for cause." 48 U.S.C. § 1614(a) (emphasis added). Given that context, the remedy suggested by Blyden is only possible if one were to ignore the conjunctive language "and until," that immediately follows the words "ten years."

Of course, the Court is required to give meaning to each word in a statute and to read the statute as a whole. *Tavarez v. Klingensmith*, 372 F.3d 188, 190 (3d Cir. 2004). It would be verboten to do otherwise in interpreting a statute. Applying well-established principles of statutory construction to the Revised Organic Act, the statutory language is very clear. The ten-year period referred to in the Revised Organic Act is a floor for a district judge's term. It is not a cap. *See* 18 U.S.C. § 1614(a). In short, the term is not finite. Indeed, only if a successor is chosen and qualified does the term end.[1] 48 U.S.C. § 1614(a).

---

[1] Clearly, Congress has the capacity to legislate terms of office for a finite period, as it has in other contexts. *See, e.g.,* 26 U.S.C. § 7443(e)("The term of office of any judge of the Tax Court shall expire 15 years after he takes

The premises considered; it is hereby

**ORDERED** that the motion to disqualify is **DENIED**.

```
                                S_____
                                CURTIS V. GÓMEZ
                                District Judge
```

---

office."). Exercising its sound discretion, Congress chose not to define a finite term with respect to judges of the District Court of the Virgin Islands.